PAUL L. REIN, Esq. (SBN 43053)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorney for Plaintiff:
MERRITT BANKS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MERRITT BANKS,

    Plaintiff,

v.

MASH PETROLEUM, INC.; TOUN BOURK (a.k.a. BOURK TOUN) dba BAY STAR CAFÉ; JEAN LEE (a.k.a. JADE NGOR); and DOES 1-25, Inclusive,

    Defendants.

_____/

CASE NO. C06-3614 MHP
Civil Rights

**STIPULATION AND [PROPOSED] ORDER TO SUBSTITUTE PARTY**

Pursuant to F.R.C.P. 25(a)

        The parties to this action, through their respective attorneys of record, hereby stipulate and agree as follows:

        MERRITT BANKS may no longer be a proper party to this action by reason of his death, as demonstrated by the Death Certificate attached thereto as Exhibit 1. Ann Marie Simmons is Mr. Banks's sister, and is the appropriate representative of MERRITT BANKS, under the standards of FRCP 25(a), as set forth in her declaration, filed herewith.

        F.R.C.P. 25(a) governs the substitution of parties after a party has died. Rule 25(a)(1) provides that the motion for substitution may be made "by any party or by the successors or representatives of the deceased party..." This has been interpreted by courts to mean that the proper representative does not have to be the administrator or executor of the deceased party's estate. Surviving relatives, and distributees of the deceased party's estate have been held to be

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulation and [Proposed] Order to
Substitute Party: Case No. C06-3614 MHP

— 1 —

s:\jm\cases\b\baystar cafe\pleadings\stip to substitute party.doc

proper parties for substitution under Rule 25. (See, Sinito v. U.S. Dept. of Justice, D.C. Cir. 1999, 175 F.3d 512 at 516; Sequoia Property and Equipment L.P. v. U.S., E.D. Cal. 2002, 2002 WL 32388132.)

In construing Rule 25 to allow substitution of surviving spouses Mary Brick and Evelyn Adlerman, the D.C. Circuit of Appeals Court held the following:

> Appellants, in short, urge an inequitable application of Rule 25(a)(1) that finds no support in the rulemakers' design. See, e.g., Boggs v. Dravo Corp., 532 F.2d 897, 900 (3d Cir.1976) (purpose of the 1963 amendments to Rule 25(a)(1) was "to liberalize the Rule and to allow flexibility in substitution of parties"); Kilgo v. Bowman Transportation, Inc., 87 F.R.D. 26, 27 (N.D.Ga.1980) (same); National Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc., 75 F.R.D. 507, 509 (E.D.N.Y.1977) (same). Several courts, including our own, have stated that the distributee of a distributed estate is a "proper party" for substitution under Rule 25(a)(1). See, e.g., Rende v. Kay, 415 F.2d at 985; Ashley v. Illinois Central Gulf Railroad Co., 98 F.R.D. 722, 724 (S.D.Miss.1983); cf. Kilgo v. Bowman Transportation, Inc., 87 F.R.D. 26, 27 (N.D.Ga.1980) (person named as executor in plaintiff's will, but who does not become executor because he elects statutory share rather than probating will, is a substitutable "proper party"). Sensibly construing Rule 25(a)(1), we hold that Mary Brick and Evelyn Adlerman were "proper parties" for the McSurelys to substitute. (McSurely v. McClellan (D.C. Cir. 1985) 753 F.2d 88 at 98-99)

Thus it is clear that Rule 25 permits a successor or distributee to substitute into an action and does not restrict a proper party for substitution to the administrator or executor of the deceased party's estate. Ann Marie Simmons, Merritt Banks's sister, is his closest living relative and the sole distributee of his estate (which consisted only of a few personal belongings and furniture, and which did not go through any official "probate" process).

A similar situation was presented to Judge Thelton Henderson in the context of a contested motion, and the proposed representative for plaintiff was approved by Judge Henderson in his order, a copy of which is attached hereto as Exhibit 2.

The parties therefore stipulate that Ann Marie Simmons, as legal representative of the estate of Merritt Banks, be substituted into this action in place of plaintiff MERRITT BANKS. The parties have reached a settlement, including a consent decree requiring appropriate disabled access access, which was approved orally by Merritt Banks to his attorney before his death but never signed by him, though signed by defendant Mash Petroleum Inc. and its attorney, Harvey Stein, and by plaintiff's attorney, Paul Rein. A copy is attached hereto as Exhibit 3. Plaintiff's attorney has represented to defendants that Ms. Ann Marie Simmons, as

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Stipulation and [Proposed] Order to Substitute Party: Case No. C06-3614 MHP**

— 2 —

s:\jm\cases\b\baystar cafe\pleadings\stip to substitute party.doc

legal representative of the estate of Merritt Banks, will approve this settlement once she has been authorized by the Court.

Dated: December 31, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
MERRITT BANKS

Dated: December 2⩗, 2006

HARVEY W. STEIN
LAW OFFICES OF HARVEY W. STEIN, P.C.

_____
Attorneys for Defendant
MASH PETROLEUM, INC.

Dated: December __, 2006

GENE BROWN
FILICE BROWN EASSA & MCLEOD LLP


_____
Attorneys for Defendant
BOURK TOUN; JADE NGOR

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated: 1/9/07

_____
HON. MARILYN HALL PATEL
U.S. DISTRICT JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulation and [Proposed] Order to
Substitute Party: Case No. C06-3614 MHP

— 3 —
s:\jm\cases\b\baystar cafe\pleadings\stip to substitute party.doc

legal representative of the estate of Merritt Banks, will approve this settlement once she has been authorized by the Court.

Dated: December 14, 2006

PAUL L. REIN
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
MERRITT BANKS

Dated: December __, 2006

HARVEY W. STEIN
LAW OFFICES OF HARVEY W. STEIN, P.C.

_____
Attorneys for Defendant
MASH PETROLEUM, INC.

Dated: December 18, 2006

GENE BROWN
FILICE BROWN EASSA & MCLEOD LLP

_____
Attorneys for Defendant
BOURK TOUN; JADE NGOR

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED**.

Dated:_____

_____
HON. MARILYN HALL PATEL
U.S. DISTRICT JUDGE

---

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Stipulation and [Proposed] Order to
Substitute Party: Case No. C06-3614 MHP

— 3 —